No. 04-009

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 261N

GEORGE NOEL,

  Petitioner and Appellant,

  v.

STATE OF MONTANA,

  Respondent and Respondent.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
                In and for the County of Lincoln, Cause No. DV-03-84,
                The Honorable Michael C. Prezeau, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            George Noel (pro se), Deer Lodge, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; Jim Wheelis,
            Assistant Attorney General, Helena, Montana

            Bernard G. Cassidy, Lincoln County Attorney, Libby, Montana

                        Submitted on Briefs:  April 20, 2004

                            Decided:  September 21, 2004

Filed:

        _____
                        Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Appellant George Noel, appearing *pro se*, appeals the District Court's denial of his Petition for Postconviction relief. We affirm.

¶3     We restate the sole issue on appeal as follows:

¶4     Did the District Court err in denying Noel's petition for postconviction relief?

¶5     On November 17, 1998, Noel was charged with sexual assault in Lincoln County, based on an allegation that he had initiated sexual contact with a seven-year old girl. On March 14, 2000, Noel pled guilty to the offense of sexual assault pursuant to a plea agreement. The agreement provided for a ten-year suspended sentence contingent on acceptance into an outpatient sex offender program. While awaiting sentencing, Noel absconded for a year and a half but was later arrested, extradited and eventually charged with felony bail jumping on May 15, 2002. Noel was sentenced on September 30, 2002, to a term of ten years imprisonment with two years suspended for the felony crime of sexual assault. On the same date, he was sentenced to five years in prison, all suspended, for felony bail jumping, consecutive to the sentence for the sexual assault charge.

¶6     On July 10, 2003, Noel filed a petition for postconviction relief in the Nineteenth District Court, Lincoln County, arguing a 1993 award for disability under the Social Security

Act established he was legally incompetent to enter a plea agreement at the time of his conviction; the statutorily required sexual offender evaluation performed by a state sanctioned physician failed to accurately recognize his incompetency for plea agreement purposes; the State abused its discretion and acted out of malice when it re-filed the bail jumping charge after earlier dismissing it; and the State violated the terms of the plea agreement when it failed to recommend a suspension of his sentence after he enrolled in a substance abuse program. Noel requested relief in the form of appointment of counsel and an evidentiary hearing. The State disputed all of Noel's allegations.

¶ 7 On November 12, 2003, the District Court denied Noel's petition, concluding all of his claims were without merit. The District Court found no evidence in the record or from the state required comprehensive psychosexual evaluation that Noel suffered from a mental disorder excusing his conduct. Further, the District Court held the State did not abuse its prosecutorial discretion when it re-filed the bail jumping charge nor that it violated the terms of the plea agreement. Finally, the District Court considered the applicable criteria when sentencing Noel and any objection by Noel to this was not timely filed. Therefore, the District Court did not appoint counsel and denied the petition without a hearing.

¶ 8 We review a district court's denial of a petition for postconviction relief to determine whether the court's findings of fact are clearly erroneous, and whether its conclusions of law are correct. *State v. Root*, 2003 MT 28, ¶ 7, 314 Mont. 186, ¶ 7, 64 P.3d 1035, ¶ 7 (citations omitted).

¶ 9 Noel argues the District Court erred when it concluded there was insufficient evidence to support his contentions in the petition for postconviction relief. He claims the record

3

clearly establishes each of his grievances against the State and further, the District Court did not comply with sentencing guidelines when it failed to enumerate the reasons for his incarceration.

¶ 10    The State responds the District Court properly determined the petition lacked merit as a matter of law and all of his claims could have been raised on direct appeal.  Therefore, pursuant to § 46-21-105(2), MCA, Noel cannot now raise these issues in a petition for postconviction relief.

¶ 11    We agree with the State.  All of Noel's claims could have been presented on direct appeal.   Therefore, he is procedurally barred from raising them in a petition for postconviction relief.  Affirmed.


                                        /S/ JIM REGNIER


We Concur:

/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE